Affirmed and Memorandum Opinion filed May 17, 2005









Affirmed and Memorandum Opinion filed May 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01296-CR

_______________

 

DARRYL KEITH PITTMAN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 184th District Court

Harris
County, Texas

Trial
Court Cause No. 933,733

__________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Darryl
Keith Pittman appeals a conviction for endangering a child[1]
on the grounds that: (1) evidence was erroneously admitted; and (2) the
evidence was legally and factually insufficient to support the conviction.  We affirm.








Appellant,
a school bus driver, drove a bus carrying students into a ditch.   His first issue challenges the trial court=s admitting into evidence a police
officer=s testimony regarding statements
appellant made at the scene about drinking beer earlier in the day of the
accident.  Appellant contends that the statements
were not admissible because they were made in response to a custodial
interrogation for which he was not given his Miranda warnings.  Appellant argues that his investigative
detention had by then escalated into custody because: (1) witnesses at the
scene told the investigating officer appellant had been drinking; (2) the
officer believed appellant was driving drunk before placing him in the patrol
car and questioning him; and (3) the officer admitted that appellant was not
free to leave.

A
determination of custody depends on whether a reasonable person in the suspect=s position would have understood that
there was either a formal arrest or the degree of restraint associated with a
formal arrest.  See Stansbury v.
California, 511 U.S. 318, 322-24 (1994). 
It is thus based on all of the objective circumstances of the
interrogation, not the subjective views of the detainee or any unexpressed
intentions of the police officer.  Id.
at 322-23.

In
this case, when the investigating officer was talking to appellant at the
accident scene, he could observe that appellant had bloodshot eyes and an odor
of alcohol.  Because appellant was
unsteady on his feet, the officer placed him, unhandcuffed, in the backseat of
his patrol car, where the officer continued to question him.  Because appellant has cited no further facts
indicating that this investigative detention progressed to a degree of
restraint associated with a formal arrest the time he made the challenged
statements to the officer, his first point of error fails to demonstrate that
his statement was inadmissible for failure to provide Miranda
warnings.  Accordingly, it is overruled.

Appellant=s second point of error challenges the
legal and factual sufficiency of the evidence to prove the element of imminent
danger.  See Tex. Pen. Code Ann. ' 22.041(c) (Vernon 2003).  Appellant contends that the evidence instead
showed, at most, only a potential danger to the children on the bus.[2]








Appellant
was driving a school bus filled with young children while intoxicated.  He was impaired to the point of appearing to
be falling asleep while driving and being unable to keep the bus in a single
lane, eventually failing to negotiate a turn, then overcompensating and driving
the bus into a ditch.  He thereafter
tried to back the bus out of the ditch while students were exiting through the
emergency exit.  The danger into which
appellant placed the students on the bus was as imminent as a danger could
be.  Everything necessary for a tragic
mishap was present and in motion, and a mishap actually resulted that might
easily have killed or seriously injured students on the bus.  The fact that the students escaped serious
injury does not diminish either the imminent nature of the danger or its
severity.  Therefore, appellant=s second issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 17, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment of eighteen months confinement.





[2]           Evidence
is legally insufficient if, viewed in the light most favorable to the
prosecution, no rational jury could find the elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S., 307, 319 (1979); Poindexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005).  Evidence is
factually insufficient if, viewed in a neutral light, it is too weak to support
the finding of guilt beyond a reasonable doubt or the contrary evidence is
strong enough that the beyond-a-reasonable-doubt standard could not have been
met.  Threadgill v. State, 146
S.W.3d 654, 664 (Tex. Crim. App. 2004).